Cite as 2020 Ark. App. 253

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-19-509

| | |
|---|---|
| FIRST PRESBYTERIAN CHURCH OF MAGNOLIA, ARKANSAS<br><br>APPELLANT<br><br>V.<br><br>THE PRESBYTERY OF THE PINES<br>APPELLEE | Opinion Delivered April 22, 2020<br><br>APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT<br>[NO. 14CV-16-87]<br><br><br>HONORABLE ROBIN J. CARROLL, JUDGE<br><br>REVERSED AND REMANDED |

## BRANDON J. HARRISON, Judge

This case is about the First Presbyterian Church of Magnolia, Arkansas, and its right to retain the use and control of local church property. The Magnolia church argues that the circuit court clearly erred by ruling that no justiciable issue was presented to decide. The church argues that this court should reverse the mistaken order, remand the case to the circuit court, and direct it to quiet title in the "true owner" of the local church property. We agree that the circuit court had a justiciable issue before it that needs to be decided. The March 2019 order that dismissed the church's complaint is reversed, and the case is remanded for further proceedings consistent with this opinion.

I.

In 2016, the local Magnolia church filed a "Petition for Declaratory Judgment, Temporary Restraining Order, Permanent Injunction and Suit to Quiet Title." In it the church asked the Columbia County Circuit Court to determine who has use and control

of the church's assets, including real property. The Presbyterian form of church government is hierarchical, so the local Magnolia First Presbyterian Church joined Presbytery of the Pines and the Presbyterian Church (U.S.A.) as defendants in its lawsuit. The Presbyterian Church (U.S.A.)'s position is represented by appellee Presbytery of the Pines; they are one and the same for this case's purposes. The Presbytery of the Pines is the Presbyterian Church (U.S.A.)'s governing body for the geographic district where Magnolia, Arkansas, is located. We will refer to Presbytery of the Pines and the Presbyterian Church (U.S.A.) collectively as "the denomination" in this opinion to simplify matters.

The Magnolia First Presbyterian Church was formed in 1954. When the local church was formed it was a member of the Presbyterian Church in the United States. The Presbyterian Church in the United States was the southern branch of the denomination, but it no longer exists. The governing rules of the Presbyterian Church in the United States (commonly called the "southern branch") were collected in the Presbyterian Church in the United States' Book of Church Order (sometimes referred to in the parties' papers as "BOCO"). According to an affidavit of Rev. Joseph W. Hill, in 1982, the southern denomination added a "trust clause" stating that local churches hold their property in trust for the southern denomination (that is, for the Presbyterian Church in the United States). The record reveals that a ruling elder and pastor from the local Magnolia church attended the 9 February 1982 meeting in which the "trust clause" amendment to the Book of Church Order (BOCO) was approved.

The circuit court eventually held a bench trial to adjudicate the local church's request that the court determine whether the congregation or the denomination owned the local

2

church property. During the trial, the First Presbyterian Church pastor, Rev. Michael David Morgan testified. He said that local Magnolia church meeting records showed that, on 3 May 1981, there was a session meeting about the new trust–amendment proposal that was circulating in the southern denomination. He said that prior to 1982 there had been no trust provisions of any kind that pertained to the southern churches. The reverend read into the record some minutes from the 1981 session meeting of the local Magnolia church. Those minutes stated: "These [trust] amendments do not in any way change the fact that the congregation owns its own property nor do they give Presbytery, Synod or General Assembly any jurisdiction over the property." A written copy of the minutes from the 1981 meeting was received as evidence.

The 1981 local session meeting predated the 1982 adoption of the trust amendment by the southern denomination. The record does not tell us how the representatives from the local Magnolia First Presbyterian Church voted in the national convention of the southern denomination. The record does, however, tell us that the trust provision was approved; and in 1982 the General Assembly of the Presbyterian Church in the United States (southern denomination) adopted a property "trust clause" in its Book of Church Order. The parties agree that the Magnolia First Presbyterian Church was a member of the Presbyterian Church in the United States when the trust clause was adopted in 1982 and that the Magnolia church was governed by the denomination's Book of Church Order.

In 1983, the Presbyterian Church in the United States and the northern branch of the denomination joined to form the Presbyterian Church (U.S.A.). The local Magnolia church became a member of the Presbyterian Church (U.S.A.) denomination at that time.

According to its terms, the Presbyterian Church (U.S.A.) Book of Order (BOO) was effective immediately upon the formation and "reunification" of the southern and northern branches that merged to become the Presbyterian Church (U.S.A.). The only surviving entity from that merger is the Presbyterian Church (U.S.A.). Since 1982, the Presbyterian Church (U.S.A.) Book of Order has included a trust provision stating that all property held by a particular church was for the use and benefit of the denomination. The current provision states:

> All property held by or for a congregation, a presbytery, a synod, the General Assembly, or the Presbyterian Church (U.S.A.), whether legal title is lodged in a corporation, a trustee or trustees, or an unincorporated association, and whether the property is used in programs of a congregation or of a higher council or retained for the production of income, is held in trust nevertheless for the use and benefit of the Presbyterian Church (U.S.A.).

Book of Order G–4.0203 (formerly G–8.0201) (formerly § 6–3).

The denomination's Book of Order permitted a local church—within eight years of the formation of the Presbyterian Church (U.S.A.)—to vote "to be exempt" or "opt to be exempt" from the Book of Order's property "trust clause." A later decision gave local churches until 1992 to opt out. Magnolia First Presbyterian Church did not "opt out" before the 1992 deadline, which was the latest time that it was allowed to do so under the Book of Order. In fact, the local Magnolia church did not attempt to opt out until 2012, when it sought to revoke any trust provisions favoring Presbyterian Church (U.S.A.). Simply put, the local Magnolia church tried to opt out some twenty years past the deadline.

The land on which the local church is located is titled in the "First Presbyterian Church, Magnolia, Arkansas." The church is an incorporated nonprofit corporation; it is registered with the Arkansas Secretary of State as "First Presbyterian Church of Magnolia,

4

Arkansas, Incorporated."  The church land and other properties have been mortgaged through the years.  The church has also executed leases and easements.  None of the deeds or mortgages identify Presbytery of the Pines or the Presbyterian Church (U.S.A.).  According to the case record, every title document or related statement has included the local Magnolia church only.  The parties have not identified any documents or provided any testimony showing that the denomination's church hierarchy (presbytery, synod, General Assembly, etcetera) has ever approved or denied the Magnolia church's property transactions or has even been told about them.

After the bench trial, the circuit court dismissed all of the Magnolia church's claims seeking relief against the defendants.  The order of dismissal states;

1. The Court has jurisdiction of the Parties.

2. That the trust agreement as set forth in the Constitution of the Presbyterian Church, U.S.A. either in Section G–8.0200, now known as G–4.0203, is not a cloud on the title of any real or personal property owned by the First Presbyterian Church of Magnolia, Arkansas, Inc.

3. The issue concerning the trust provision is not justiciable as there has been no actual harm to the Plaintiff and therefore the issue is not ripe.

4. The Court is not going to reach the merits of whether the trust clause is a valid trust provision or not.

5. Whether the trust provision is a valid trust provision is an issue for another day, as there has been no harm to the church by the existence of this alleged trust provision.

6. The Temporary Restraining Order is lifted and is no longer in effect.

IT IS THEREFORE ORDERED that this case is dismissed as there is no justiciable issue before the Court at this time.

5

II.

Our primary task here is to decide whether the circuit court erred when it dismissed the church's complaint for want of a justiciable issue. A "justiciable" issue is presented when it is "subject to proper resolution on the merits by a court of justice; capable of being disposed of judicially." *Justiciable*, *Black's Law Dictionary* (11th ed. 2019). The circuit court erred by holding that the local Magnolia church failed to present a judiciable issue in this case.

Arkansas courts have express statutory and common-law authority to resolve property ownership between local churches and their denominations. *Ark. Presbytery of Cumberland Presbyterian Church v. Hudson*, 344 Ark. 332, 40 S.W.3d 301 (2001). True, the First Amendment to the United States Constitution limits the role civil courts can play in resolving some types of church disputes. The Supreme Court of the United States has not adopted a "particular method" that states must follow when resolving church-property disputes. *Jones v. Wolf*, 443 U.S. 595, 602 (1979). But our supreme court has adopted the "neutral principles" approach for Arkansas. *Hudson*, *supra*. When settling a church-property dispute that asks whether a local church or one of its governing bodies holds title to church property, a court may look at

> (1) the language of the deeds;
>
> (2) the terms of the local church charters;
>
> (3) the state statutes governing the holding of church property; and
>
> (4) the provisions in the constitution of the general church concerning the ownership and control of church property

*Ark. Annual Conf. of the AME Church, Inc. v. New Direction Praise & Worship Ctr., Inc.*, 375 Ark. 428, 434, 291 S.W.3d 562, 566 (2009).

Under the neutral-principles approach, when courts review religious documents they must "take special care to scrutinize the document in purely secular terms" and give effect to the parties' intent. *Wolf*, 443 U.S. at 602. So the circuit court must apply Arkansas's trust and property law without regard to the organizational structure of the religious denomination. *Id.* at 609 ("The neutral-principles approach . . . obviates entirely the need for an analysis or examination of ecclesiastical polity or doctrine in settling church property disputes."). This is true whether the court has to interpret the language of a deed or conveyance, or whether it must determine how a purported trust applies to the parties, if it applies at all. *Id.*

As we have said, a court's first task when applying the neutral-principles approach is to review the language of the deed. *New Direction*, 375 Ark. at 435, 291 S.W.3d at 567. The circuit court did not do so. Nor did it apply any other aspect of the relevant legal test. In fact, the circuit court mistakenly ruled that it could not adjudicate the dispute before it. Therefore, it did not decide the core question in this case: which church entity owns the local Magnolia property in dispute. It did not quiet title in either party. Instead, the court held that no justiciable issue was presented, and that was an error of law.

III.

We reverse the circuit court's March 2019 order and remand the case to it. On remand, the court must determine the merits of the church's complaint against the denomination, applying neutral principles of law, and determine whether an express or

implied trust in favor of the Presbyterian Church (U.S.A.) exists on the property to which the local Magnolia church holds title and resolve who owns the property. We also direct the circuit court to decide any other matters that the parties have properly raised.

Reversed and remanded.

VIRDEN and VAUGHT, JJ., agree.

*PPGMR Law, PLLC*, by: *Kimberly D. Logue*, for appellant.

*McMillan, McCorkle & Curry, LLP*, by: *Ed W. McCorkle*, for appellee.